IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRY LANELL SMITH,               :
                                  :
      Plaintiff,                  :
                                  :
vs.                               :        CIVIL ACTION 11-0203-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of Social Security,  :
                                  :
      Defendant.                  :

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff's Attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 28), and Defendant's Response to Plaintiff's Petition for Attorney's Fees (Doc. 29). After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff **be AWARDED** an EAJA Attorney's fee in the amount of $3,024.00.

Plaintiff filed this action on April 26, 2011 (Doc. 1). On December 19, 2011, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner, and remanding this action for further proceedings (Doc. 26). Judgment was entered in favor of Plaintiff and against Defendant

1

(Doc. 27).

On March 15, 2012, R. Michael Booker, counsel for Plaintiff, filed an Application for Attorney Fees Under the EAJA, in which he requests a fee of $3,024.00, computed at an hourly rate of $180.00 for 16.80 hours spent in this Court (Doc. 28).  Defendant, in his Response filed on March 29, 2012, stated that he objected to an award of attorney's fees under EAJA as the Government's position in this case was substantially justified; Defendant also stated that payment made should be made to Plaintiff rather than to his attorney (Doc. 29).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency
> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken

2

pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.

Defendant concedes that Plaintiff became the prevailing party when the Court remanded this action, *Schaefer*, 509 U.S. 300-302, and that the fee motion was timely filed.  However, he does not concede that the original administrative decision denying benefits was not substantially justified (Doc. 29).

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail "to establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees."  *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).  That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it

took.  *Myers*, 916 F.2d at 666 (citations omitted).  The Court

notes that "[a]n examination of whether the government's

position was substantially justified encompasses an evaluation

of both the agency's preligitation conduct and the subsequent

litigation positions of the Justice Department. . . . Unless the

government can establish that all of its positions were

substantially justified, the claimant is entitled to receive

attorney's fees."  *Myers*, 916 F.2d at 666 n.5 (citations

omitted).  Though Defendant bears the burden of showing that its

position was substantially justified, "[t]he fact that the

government lost its case does not raise a presumption that the

government's position was not substantially justified."  *Ashburn

v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated December 19, 2011

(Doc. 26), the Court found as follows:

> The ALJ determined that Plaintiff was
> capable of performing a reduced range of
> light work.  More specifically, the ALJ
> found as follows:
>
> > [T]he claimant can lift or carry
> > up to 20 pounds occasionally and
> > 10 pounds frequently; limited use
> > of right hand for simple grasping,
> > fine manipulation and fingering;
> > limited reaching overhead,
> > particularly with right arm and
> > shoulder; occasional climbing

4

> ramps and stairs, balancing,
> stooping, kneeling, crouching, and
> crawling.  No unprotected heights
> and hazardous machinery.  The
> claimant has no visual or
> communicative limitations.
> Unskilled work.

(Tr. 14).  The Court notes that this RFC mirrors the RFC completed by Sarah Singleton (*cf*. Tr. 184-91), a report completed by non-medical personnel working for the SSA that was not even acknowledged by the ALJ.  The Government correctly notes that the ALJ cannot rely on this evidence in making his decision (Doc. 20, pp. 8-9) (*citing* Program Operations Manual System DI214510.050C, 2001 WL 193365).

The Court notes that the ALJ did rely, however, on the opinion of Dr. Whitman, a non-examining physician whose only contribution to the record was a statement that Plaintiff could perform light work.  "This Court has held on a number of occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence, or by the residual functional capacity assessment of a non-examining, reviewing physician, but instead must be supported by the residual functional capacity assessment of a treating or examining physician." *Coleman v. Barnhart*, 264 F.Supp.2d 1007, 1010 (S.D. Ala. 2003).  The ALJ's conclusion that Plaintiff is capable of performing jobs which exist in the national economy based on the opinions of a non-examining physician is not supported by substantial evidence.

The Court understands the Government's argument that the ALJ determines the RFC and that he can reject opinions that he does not think are supported by substantial evidence.  Nevertheless, for the ALJ to rely on the opinion of a non-examining physician whose only finding is that Smith can perform light

> work, while rejecting the opinion of the
> only examining physician, a specialist, who
> the ALJ himself referred to as the treating
> physician, fails to meet the requirement of
> *Perales* and *Brady*.

(Doc. 26, pp. 6-8).

Defendant argues that there was a reasonable basis in law and fact for the Commissioner's position (Doc. 29). Specifically, the Government seems to be arguing that because the ALJ only partially rejected the opinion of the examining physician before adopting, wholesale, the opinion of the non-examining physician whose only contribution was the bare assertion that Smith could do light work, its position is substantially justified (Doc. 29, p. 4). Not only was the ALJ's decision not supported by substantial evidence, the Government's decision to go forward with this lack of evidence, in light of past decisions, is not substantially justified.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler*,

6

765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private section, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on

7

vindicating similar rights. *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Attorneys' Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of 16.8 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

8

> The first step in the analysis, . . . is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation." . . . The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward . . . to take into account an
> increase in the cost of living, or a special
> factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[1]

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. *Norman v. City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Where the documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary

---

[1] Subsequent to *Meyer*, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

9

hearing.  *Id.*

Since 2001, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour.  *See, e.g.*, *Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D. Ala. April 12, 2001).  However, in 2007, in an action before United States Magistrate Judge Cassady, a formula was approved and used to adjust the prevailing market hourly rate to account for the ever-increasing cost of living.  *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)).  As set out in *Lucy*, the formula to be used in calculating all future awards of attorney's fees under the EAJA is:  "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'"  (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2).  The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

---

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*. Civil Action 06-0147-C (S.D.

The temporal midpoint in this action was August 22, 2011, the complaint having been filed on April 26, 2011 (Doc. 1), and the Court having entered its Memorandum Opinion and Order and Judgment on December 19, 2011 (Docs. 26-27).   The CPI-U for August 2011 was 220.47.   Plugging the relevant numbers into the foregoing formula renders the following equation:   $125.00 x 220.47/152.4.   Completion of this equation renders an hourly rate of $180.83.   An hourly rate of $180.83 for 16.80 hours equals $3,024.00.

The Court notes that, in the application for Attorney's Fees, counsel for Plaintiff requests that any award of attorney's fees be paid to Plaintiff, in care of his attorney to be held in trust for Smith (Doc. 28, p. 2).   The Government argues that payment should only go to the Plaintiff (Doc. 29, pp. 4-5).

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party.*"   28 U.S.C. § 2412(d)(1)(A).   In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the

Ala. Doc. 31, at p. 3).

prevailing party." *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.

In this action, Smith has specifically directed that "payment of these EAJA fees be sent to me c/o my attorney, R. Michael Booker" (Doc. 28, p. 5).  Under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Smith and not to his Attorney.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $3,024.00.

DONE this 5th day of April, 2012.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE


12